IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG BRIAN KIDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 11-645 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff raises two grounds on which he believes the Administrative Law Judge ("ALJ") erred in finding him to be not disabled. However, his arguments have no merit, and the Court finds that substantial evidence supports the ALJ's decision.

Plaintiff first argues that the ALJ failed to consider his bipolar disorder at Step Two of the analysis. However, he fails to acknowledge that the Step Two determination as to whether he is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's bipolar disorder to be non-severe.

Of course, even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may - when considered with limitations or restrictions due to other impairments - be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's bipolar disorder to be severe does not mean that this condition could not still have affected Plaintiff's RFC. However, the ALJ included numerous restrictions in Plaintiff's RFC based on the severe mental impairments that he did find to be present, specifically, Plaintiff's anxiety and depression. Plaintiff does not suggest what additional limitations should have been included in the RFC based on his alleged bipolar

disorder that were not already included, nor does the record demonstrate any such additional restrictions.

Further, as Defendant points out, the medical records contained in the record of this case do not demonstrate a diagnosis of bipolar disorder. The mental health professionals who noted the existence of such a diagnosis were merely memorializing Plaintiff's claims of a previous diagnosis. (R. 177, 179, 271). There is no evidence of this prior diagnosis in the record. The mere memorialization of Plaintiff's own claims of bipolar disorder does not constitute objective medical evidence of an impairment. See 20 C.F.R. § 416.928; Morris v. Barnhart, 78 Fed. Appx. 820, 824 (3d Cir. 2003).

Plaintiff's second argument is that the ALJ failed to give controlling weight to the opinions of Dr. Gregory Walker and Dr. Mikhail Vassilenko, who he claims were his treating physicians, finding essentially disabling limitations. As Plaintiff correctly asserts, when assessing a claimant's application for benefits, the opinion of the claimant's treating physician is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. Nonetheless, contrary to Plaintiff's argument that the ALJ did not cite to any contradictory medical evidence in rejecting the opinions of these professionals, the ALJ did, in fact, rely on such evidence – the doctors' own clinical findings and treatment notes. These records show very conservative and sporadic treatment and fail to demonstrate any of the limitations contained in the checkbox forms completed by Dr. Walker and Dr. Vassilenko.

While the ALJ did afford no weight to those checkbox forms, such forms, requiring the completing physician merely to "check a box or fill in a blank," rather than provide a substantive basis for the conclusions stated, are considered "weak evidence at best" in

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:   Counsel of record

---

determining whether the claimant is disabled. Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). The ALJ explained that he was relying on the objective medical evidence rather than these forms, none of which contained any basis for the opinions contained therein setting forth very restrictive limitations. In fact, it is not clear from the record that Dr. Vassilenko had any basis for his opinions. Although he worked at the Staunton Clinic, where Plaintiff treated, the record does not indicate that he himself treated Plaintiff or that he consulted with the actual treating psychologist, Dr. Brown, or even reviewed his notes. What the record does indicate is that Dr. Vassilenko opined that Plaintiff had disabling mental limitations despite the fact that Plaintiff had only two appointments with Dr. Brown over approximately a week, and despite the fact that Dr. Brown's records contain no indication of serious problems and a finding of a moderate Global Assessment of Functioning score of 55-60. (R. 265-72). Further, the Court notes that the consultative examiner in regard to Plaintiff's physical impairments, Andrew Cole, M.D., literally appears to have adopted Plaintiff's self-reported limitations based on unsubstantiated prior alleged diagnoses of collapsed vertebrae, a fractured pelvic bone, and curvature of the spine. (R. 182-89). Indeed, the MRIs performed prior to Dr. Cole's October 1, 2007 examination of Plaintiff contain no evidence of the alleged prior diagnoses. (R. 174, 236).

Accordingly, substantial evidence supports the finding that Plaintiff is not disabled.